**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STAES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-CR-653 HEA |
| | ) | |
| DONELL TROTTER, | ) | |
| | ) | |
| Defendant, | ) | |

## <u>OPINION, MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant's Motion to Dismiss

Indictment, or in the Alternative, for the Disclosure of the Grand Jury Transcript

[Doc. No. 63]. All pretrial matters in this case were referred to United States

Magistrate Judge Stephen Welby pursuant to 28 U.S.C. § 636(b). On February 4,

2026, Judge Welby issued a Report and Recommendation, recommending that

Defendant's Motion be denied. On April 1, 2026, Defendant filed objections to the

Report and Recommendation.

## Legal Standard

When a party objects to a magistrate judge's report and recommendation, the

Court must conduct a *de novo* review of the portions of the report, findings, or

recommendations to which the party objected. *See United States v. Lothridge*, 324

F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)).  The Court has reviewed the record in this case, including the transcript of the evidentiary hearing and all exhibits.  After conducting *de novo* review of the record, the Court concludes Defendant's Motion to Suppress Evidence should be denied, and his Motion to Suppress Statements should be granted in part and denied in part.

**Discussion**

**Motion to Dismiss Indictment**

In his objections, Defendant reiterates the basis for his Motion to Dismiss. He contends the grand jury's finding that he has three serious drug convictions triggering the Armed Career Criminal Act, 18 U.S.C. § 924(e), (ACCA) is not appropriate under the current law, citing the Fair Sentencing Act of 2010 and Section 404 of the First Step Act. Under the current law, the quantities of cocaine for which Defendant was charged and convicted are all under the quantity thresholds for mandatory minimum sentences today. 21 U.S.C. §841(b)(1)(A) and 21 U.S.C. §841 (b)(1)(B).

In his Report and Recommendation, Judge Welby correctly observes that the ACCA does not condition its application on whether a prior offense would be charged differently today, whether modern sentencing policy disfavors certain penalties, or whether subsequent reforms reflect evolving views about proportional punishment. Rather, the Supreme Court has explained that

2

the legislative history of the enhancement statute shows that Congress generally took a categorical approach to predicate offenses. There was considerable debate over what kinds of offenses to include and how to define them, but no one suggested that a particular crime might sometimes count towards enhancement and sometimes not, depending on the facts of the case. If Congress had meant to adopt an approach that would require the sentencing court to engage in an elaborate factfinding process regarding the defendant's prior offenses, surely this would have been mentioned somewhere in the legislative history."

*Taylor v. United States*, 495 U.S. 575, 601 (1990).

Moreover, Judge Welby recognized that the Supreme Court has addressed the very issue Defendant urges, finding the contrary. The Supreme Court has held that the "natural reading of ACCA also avoids the absurd results that would follow from consulting current state law to define a previous offense." *McNeill v. United States*, 563 U.S. 816, 822 (2011). "[A] federal sentencing court must determine whether 'an offense under State law' is a 'serious drug offense' by consulting the 'maximum term of imprisonment' applicable to a defendant's previous drug offense at the time of the defendant's state conviction for that offense. *Id*. at 825 (quoting § 924(e)(2)(A)(ii)).  Indeed, as Judge Welby determined under the applicable Supreme Court rulings, [a] defendant's 'history of criminal activity' does not 'cease to exist' merely because the crime was later redefined." *Brown v. United States*, 602 U.S. 101 (2024) (citing McNeill, 563 U.S. at 823). The "subsequent chang[e] in state law" did not "erase [the] earlier conviction." *McNeill*, at 823.

Defendant does not address *McNeill* or *Brown* in his Motion to Dismiss or in his objections. He has presented nothing to overcome the clear intent and authority that the ACCA's categorical approach looks to the law at the time of conviction. A subsequent change in the law does not avoid the effects of the law at the time of Defendant's conviction and accordingly, his Motion to Dismiss the Indictment is without merit.

**Grand Jury Transcripts**

Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure permits a court to order disclosure of grand jury proceedings on a request by a criminal defendant based on a showing that grounds exist for a motion to dismiss the indictment because of matters occurring before the grand jury. Fed.Rule Crim. Proc. R. 6(e)(3)(E)(ii). Disclosure of grand jury transcripts is appropriate where the defendant shows a "particularized need" for the materials that outweighs the policy underlying grand jury secrecy. *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 223-24 (1979).

Defendant bases his request on the ground that it is likely the Government failed to instruct the grand jury on the legislative history of cocaine base. He relies on his argument for dismissing the indictment to request the grand jury transcript. Since the indictment is sound, Defendant fails to assert a particularized need for

4

the grand jury transcript. As such, Judge Welby's recommendation to deny

Defendant's alternative request for the grand jury transcript is without merit.

### Conclusion

Judge Welby's Report and Recommendation is well reasoned and based on

the applicable law. He has carefully set out the basis for his recommendations and

has carefully detailed the conclusions he reached. The Court therefore adopts the

Report and Recommendation *in* toto.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Opinion,

Memorandum, and Order, the Report and Recommendation of United States

Magistrate Judge Welby is **SUSTAINED, ADOPTED,** and **INCORPORATED**

**herein**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss the

Indictment or in the Alternative for Disclosure of Grand Jury Transcript, [Doc. No.

63] is **DENIED.**

Dated this 30th day of June, 2026.

_____

HENRY EDWARD AUTREY

UNITED STATES DISTRICT JUDGE